IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                        Case No. 09-20119-09-JWL
                                                  16-2541-JWL

**Esteban Magallon-Maldanado,**

      **Defendant.**

## MEMORANDUM & ORDER

In December 2012, defendant Esteban Magallon-Maldanado entered a plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The court sentenced Mr. Magallon-Maldanado to 262 months in prison and the Tenth Circuit affirmed Mr. Magallon-Maldanado's sentence. *See United States v. Magallon-Maldanado*, 598 Fed. Appx. 586 (10th Cir. 2015). Mr. Magallon-Maldando's sentence was subsequently reduced to 210 months pursuant to Amendment 782.

On August 1, 2016, Mr. Magallon-Maldanado filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 1157). In that motion, Mr. Magallon-Maldanado concedes that his motion is time-barred unless he can establish a basis to equitably toll the one-year filing deadline. In lieu of a response to the motion, the government filed a motion to dismiss Mr. Magallon-Maldanado's § 2255 motion as time-barred and requested an extension of time to file a substantive response to the motion until after the court's resolution of the motion to dismiss. The court, then, set response and reply deadlines with respect to the

government's motion to dismiss and that motion is now ripe for resolution.  As will be explained, the court grants the government's motion to dismiss Mr. Magallon-Maldanado's § 2255 motion because that motion is time-barred and he has not demonstrated that the filing deadline should be equitably tolled.

With certain exceptions noted in the statute, the applicable one-year limitations period for a § 2255 petition begins to run from the date a judgment of conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1).  Where, as here, the petitioner does not file a petition for certiorari with the United States Supreme Court, the judgment of conviction becomes final and the one-year limitations period begins to run 90 days after the appellate court's decision.  *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).  As noted above, Mr. Magallon-Maldanado does not dispute that he failed to meet the statutory deadline for filing his habeas petition. Nonetheless, he urges the court to consider his petition because, according to Mr. Magallon-Maldanado, he diligently pursued his claims and his failure to timely file was caused by "extraordinary circumstances" beyond his control.  Specifically, Mr. Magallon-Maldanado contends that he learned in March 2015 that the Circuit had affirmed his sentence and, at that time, he began a concerted effort to obtain access to his complete case file in preparation for the filing of his § 2255 petition.  According to Mr. Magallon-Maldanado, he sought to gain access to his complete case file through the assistance of his former counsel, his girlfriend and several of his case managers.[1]  He contends that he did not receive all the necessary documents from his file until July 2016 and that he filed his petition within one month of receipt of those documents.

---

[1] The record reflects that Mr. Magallon-Maldanado challenged his criminal history score directly with the federal probation officer who drafted his PSR.  The probation officer, in a letter to Mr.

The Circuit has made clear that equitable tolling will only apply in "rare and exceptional circumstances." *See, e.g., Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). A petitioner has the burden of establishing that equitable tolling should apply. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Mr. Magallon-Maldanado has not established that equitable tolling should apply in this case. The Tenth Circuit has repeatedly rejected the idea that a prisoner's limited access to case files, without more, constitutes an "extraordinary circumstance" for purposes of equitable tolling. *See United States v. Wilson*, 631 Fed. Appx. 623 (10th Cir. 2015) (no equitable tolling despite petitioner's claim that he had limited access to federal case file); *Reed v. Timme*, 389 Fed. Appx. 850, 853 (10th Cir. 2010) (holding that prisoner who complained that his attorney was not diligent in discovering or forwarding evidence to him failed to demonstrate that applicants delay in petitioning for federal habeas relief was due to "extraordinary circumstances" sufficient to permit equitable tolling of one-year deadline; petitioner did not indicate anything more than "normal difficulties" in obtaining records and evidence); *United States v. Garcia-Rodriguez*, 275 Fed. Appx. 782 (10th Cir. 2008) (denying request for COA on district court's denial of request for equitable tolling of § 2255(f) limitations period despite petitioner's inability to obtain copy of entire case file).

Here, Mr. Magallon-Maldanado never contacted the Clerk of the Court—or the court itself—for assistance in obtaining his case file. And there are large gaps of time in Mr. Magallon-Maldanado's chronology in which it appears that he did nothing to pursue his claims other than wait for certain documents to find their way to him. Moreover, he concedes that he

---

Magallon-Maldanado's case manager, explained the calculation of that score. There is no suggestion that Mr. Magallon-Maldanado ever requested that the probation officer provide to him a copy of his case file.

3

had access to the Tenth Circuit's opinion in this case soon after it was issued and that, with additional information he obtained in the law library and based on his own memory of events, he was able to start drafting his § 2255 petition at some point in 2015. Nonetheless, he suggests that his efforts were insufficient for him to file a complete motion because the court would have required him to provide specific details about the procedural history of his case that he did not know. Mr. Magallon-Maldanado's asserted concern has no basis in law or fact; indeed, this court has never required a petitioner to provide any procedural history in filing a § 2255 petition and it consistently and routinely construes pro se § 2255 petitions liberally as required by the Tenth Circuit. On this record, then, Mr. Magallon-Maldanado has demonstrated neither "extraordinary circumstances" nor diligent pursuit of his claims. In essence, he complains of nothing more than "normal difficulties" in obtaining his case file—difficulties that are simply not sufficient to permit the application of equitable tolling. *See Reed*, 389 Fed. Appx. at 853.

For the foregoing reasons, Mr. Magallon-Maldanado's § 2255 petition is barred by the statute of limitations and must be dismissed as untimely. Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because it is clear that Mr. Magallon-Maldanado's petition is untimely, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Magallon-Maldanado's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 1157) is **dismissed** and the court **denies** a certificate of appealability on the claims raised therein; and the government's motion to dismiss Mr. Magallon-Maldanado's § 2255 motion as time-barred (doc. 1159) is **granted**.

**IT IS SO ORDERED.**

Dated this 9th day of November, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge