IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

    Plaintiff,

v.                                              Case No. 09-20119-09-JWL

Esteban Magallon-Maldanado,

    Defendant.

## MEMORANDUM AND ORDER

In December 2012, defendant Esteban Magallon-Maldanado entered a plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The court sentenced Mr. Magallon-Maldanado to 262 months in prison and the Tenth Circuit affirmed Mr. Magallon-Maldanado's sentence.  *See United States v. Magallon-Maldanado*, 598 Fed. Appx. 586 (10th Cir. 2015).  Mr. Magallon-Maldando's sentence was subsequently reduced to 210 months pursuant to Amendment 782.  On May 20, 2024, defendant filed a pro se motion for reduction of sentence (doc. 1212) asking the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines.  As will be explained, the motion is dismissed.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

  (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]"

U.S.S.G. § 4C1.1(a).

  Defendant suggests in his motion that he was assigned no criminal history points and that, accordingly, he is a zero-point offender entitled to a decrease in two offense levels. But defendant plainly fails to meet Amendment 821's eligibility requirements. As set forth in the amended presentence report, defendant was assigned two criminal history points for a felony robbery conviction. *See* Doc. 1035, PSR ¶ 136. He is not a zero-point offender. Moreover, he is otherwise ineligible under § 4C1.1(a)(7) because he received a two-level enhancement for possessing a firearm in connection with his offense. *See* Doc. 1035, PSR ¶ 123. Thus, because the reduction is not authorized, the court lacks jurisdiction to reduce defendant's sentence.

  **IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence (doc. 1212) is dismissed.

  **IT IS SO ORDERED.**

  Dated this 28th day of June, 2024, at Kansas City, Kansas.

                s/John W. Lungstrum  
                HON. JOHN W. LUNGSTRUM  
                United States District Judge