## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                **Case No. 09-20119-09-JWL**

**Esteban Magallon-Maldanado,**

      **Defendant.**

### <u>MEMORANDUM AND ORDER</u>

On June 28, 2024, this court dismissed for lack of jurisdiction defendant's pro se motion for reduction of sentence in which defendant sought a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines.  Defendant has now filed a motion seeking reconsideration of the court's memorandum and order dismissing that motion (doc. 1217).  The government opposes the motion on the grounds that the motion is untimely under the applicable rules.  The court agrees and denies the motion for reconsideration.

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). Such motions are proper, however, whether filed by a defendant or the government. *Id*. at 1242. The Circuit has held that motions to reconsider in criminal proceedings must be filed within 14 days of the order. *Id*. (holding that motion to reconsider "the denial of a § 3582(c)(2) motion must be brought within the time for appeal"). The court's memorandum and order denying defendant's § 3582(c)(2) motion was issued on June 28, 2024.  Defendant, then, was required to place his motion for

reconsideration in his prison's legal mail system on or before July 12, 2024.  *See* Fed. R. App. P. 25(a)(2)(A)(iii) (an inmate's legal papers are considered timely filed if placed in the prison's legal mail system on or before the deadline for filing, regardless of when the court receives them).

Defendant has not established timely filing under the mailbox rule.  He has not alleged that he made timely use of the prison's legal mail system or regular mail system.  In fact, defendant states in his motion that he submitted his motion on June 28, 2024, which cannot be true because the court issued the order that same day.  As the government highlights, the only evidence in the record of when the motion was filed is the custom declarations submitted by defendant, which reflects a date of July 25, 2024.  And while the rules permit a single 30-day extension upon a finding of excusable neglect or good cause, *see* Fed. R. App. P. 4(b)(4), defendant has not asked the court for an extension and has not alleged excusable neglect or good cause.

In short, because the record reflects only that defendant's motion was filed more than 14 days after the original order, it is untimely.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 1217) is denied.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2024, at Kansas City, Kansas.

2

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge