IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

       Plaintiff,

v.                                                      Case No. 09-20119-09-JWL

Esteban Magallon-Maldanado,

       Defendant.

### MEMORANDUM AND ORDER

On June 28, 2024, this court dismissed for lack of jurisdiction defendant's pro se motion for reduction of sentence in which defendant sought a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. By way of background, defendant argued in his motion that he was a zero-point offender entitled to a decrease in two offense levels. As explained in the court's memorandum and order dismissing the motion, defendant plainly fails to meet Amendment 821's eligibility requirements because he was assigned two criminal history points for a felony robbery conviction and, in any event, received a two-level enhancement for possessing a firearm in connection with his offense.

Defendant then filed a motion seeking reconsideration of the court's memorandum and order dismissing that motion. In that motion, defendant argued that the state conviction underlying the two criminal history points had been expunged such that the criminal history points were erroneously applied, and that the government failed to meet its burden of proof that he possessed a firearm for purposes of the enhancement. The court denied the motion for reconsideration as untimely. Nearly two months after the court entered the order denying the

motion for reconsideration, it has received a reply brief from defendant urging that the motion to reconsider was not untimely filed or, alternatively, that good cause exists for an extension of time.

Putting aside the issue of whether the motion to reconsider was timely filed, the court now denies the motion for reconsideration on the merits. Defendant's counsel objected at length to the presentence investigation report on the very grounds raised by defendant in his motion to reconsider—the expungement of the state robbery conviction and the government's alleged failure to prove that defendant possessed a firearm. At sentencing, defendant's counsel appropriately conceded that even though the underlying state conviction had been expunged, the basis for the expungement was unrelated to innocence or errors of law and, under Tenth Circuit precedent, was properly counted for purposes of assessing criminal history points. The court, then, overruled the objection. Similarly, the court overruled the objection that any possession of a firearm was not reasonably foreseeable to defendant. In fact, the court emphasized at sentencing that no good-faith argument could be made that the firearm enhancement did not apply.

Because defendant is clearly not eligible for a reduction under Amendment 821, the motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 1217) is denied on the merits.

**IT IS SO ORDERED.**

Dated this 25th day of November, 2024, at Kansas City, Kansas.

                                                  s/John W. Lungstrum  
                                      HON. JOHN W. LUNGSTRUM  
                                      United States District Judge