## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                            Case No. 09-20119-09-JWL

Esteban Magallon-Maldanado,

        Defendant.

### MEMORANDUM AND ORDER

In December 2012, defendant Esteban Magallon-Maldanado entered a plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The court sentenced Mr. Magallon-Maldanado to 262 months in prison and the Tenth Circuit affirmed Mr. Magallon-Maldanado's sentence.  *See United States v. Magallon-Maldanado*, 598 Fed. Appx. 586 (10th Cir. 2015).  Mr. Magallon-Maldando's sentence was subsequently reduced to 210 months pursuant to Amendment 782.

On April 14, 2026, defendant filed a pro se motion for reduction of sentence (doc. 1223) asking the court to reduce his sentence pursuant to "newly implemented section S.B. 1437 of the United States Sentencing Guidelines that be[came] effective November 2025."  The court directed the government to respond to the motion and established a deadline for defendant to reply to the government's response.  In its response, the government construes defendant's motion as a motion under 18 U.S.C. § 3582(c)(2) based on Amendment 833 to the United States Sentencing Guidelines, which authorizes a downward adjustment for certain defendants who

performed low-level functions in a drug trafficking offense. *See* Amendment 833, U.S.S.G., App. C – Vol IV, at 294–98 (Nov. 1, 2025). The reply deadline has passed and the court has not received a reply from defendant. In the absence of any clarification from defendant, the court agrees with the government that the motion should be construed as one seeking relief pursuant to Amendment 833. *See United States v. Quinonez-Quintero*, 2026 WL 933267, at *1 (D. Kan. Apr. 7, 2026) (construing motion for reduction under "S.B. 1437" as motion for relief pursuant to Amendment 833). As will be explained, the motion is dismissed.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). A defendant is only eligible for sentence reduction under § 3582(c)(2) if the "applicable guideline range has been lowered as a result of a retroactive guideline amendment." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). Amendment 833 is not a retroactive amendment. *See United States v. Guzman-Dominguez*, 2026 WL 1475467, at *2 (D.N.M. May 26, 2026) (citing U.S.S.G. § 1B1.10(d)); *United States v. Mayo*, 2026 WL 1279068, at *1 (D. Kan. May 11, 2026). Because Amendment 833 is not retroactive, the court is not authorized to reduce defendant's sentence pursuant to that Amendment. The court, then, must dismiss defendant's motion for lack of jurisdiction.

2

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence (doc. 1223) is dismissed.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2026, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge
